Robert MANGASARYAN, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 05–72958.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 1, 2009.

Filed June 9, 2009.

Artem M. Sarian, Esquire, Sarian Law Group, APLC, Glendale, CA, for Petitioner.

Robert F. Adams, Esquire, Deitz P. Lefort, Trial, Oil, Steven Tyrrell, Esquire, Colette Jabes Winston, Esquire, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

* This disposition is not appropriate for publication and is not precedent except as provided

Before: RYMER, GRABER and BEA, Circuit Judges.

## MEMORANDUM *

Robert Mangasaryan, a citizen of Armenia, seeks review of the final order of removal issued by the Board of Immigration Appeals (BIA) denying his applications for asylum and withholding of removal under the Immigration and Nationality Act (INA) and for relief under the Convention Against Torture (CAT). We grant in part and deny in part the petition for review, and remand to the BIA.

The BIA affirmed the immigration judge's (IJ) adverse credibility determination based only on the lack of consistent testimony as to the dates that the three alleged incidents of persecution occurred. However, neither the BIA nor the IJ addressed Mangasaryan's explanation for the discrepancy in dates. "Because an adverse credibility finding is improper when [the BIA] fails to address a petitioner's explanation for a discrepancy or inconsistency, this testimony does not provide substantial evidence to support an adverse credibility determination." *Singh v. Gonzales*, 439 F.3d 1100, 1106 (9th Cir.2006) (internal quotation marks omitted).

The BIA agreed with all of the IJ's analysis that, even if credible, Mangasaryan had failed to demonstrate a nexus between any of the alleged incidents and a protected ground. However, Mangasaryan stated that during the border incident the assailants referenced Mangasaryan's not being Armenian and that he was "not one of them." Furthermore, Mangasaryan testified that during the incident in his store and the incident in his home, the

by 9th Cir. R. 36–3.

alleged assailants carried weapons, marking them out as government agents, and referenced Mangasaryan's nationality by mentioning Baku, Azerbaijan, and the fighting between Armenians and "Turks" in "Karaba[kh]," while calling Mangasaryan a "Turk." Taken together, this could provide a nexus to a protected ground, if Mangasaryan's testimony were credited. *See, e.g., Surita v. INS*, 95 F.3d 814, 819–21 (9th Cir.1996).

The BIA also agreed with all of the IJ's analysis of Mangasaryan's CAT claim. The IJ stated additional grounds beyond the adverse credibility finding in support of her denial of the CAT claim. Mangasaryan's petition for review does not suggest that the IJ erred in denying the CAT claim based on this stated evidentiary basis.

Accordingly, we grant the petition for review with respect to Mangasaryan's requests for asylum and withholding of removal under the INA, and deny the petition with respect to his request for CAT relief. We remand on an open record to the BIA for further proceedings. *See Soto–Olarte v. Holder*, 555 F.3d 1089, 1096 (9th Cir.2009).

GRANTED in part; DENIED in part; CASE REMANDED in part. Costs on appeal shall be awarded to Mangasaryan.