**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT MANGASARYAN, | No. 09-73950 |
| Petitioner, | |
| v. | Agency No. A077-835-150 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 8, 2014
Pasadena, California

Before: W. FLETCHER, M. SMITH, and WATFORD, Circuit Judges.

The Board of Immigration Appeals' (BIA) adverse credibility determination

is not supported by substantial evidence. The BIA relied on alleged

inconsistencies in Mangasaryan's testimony regarding the sequence of events and

the intervals between events, but those alleged inconsistencies are legitimately

explained by the obvious difficulty Mangasaryan experienced converting dates

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

from the Farsi calendar to the Gregorian calendar. *See Zahedi v. INS*, 222 F.3d 1157, 1167 (9th Cir. 2000). The only arguable exception involves Mangasaryan's testimony regarding the interval between the border and store incidents, but we have held that a single inconsistency of this sort does not constitute substantial evidence. *See Vilorio-Lopez v. INS*, 852 F.2d 1137, 1139, 1142 (9th Cir. 1988).

As we concluded in 2009 on Mangasaryan's first appeal to this court, he may be able to show a nexus to a protected ground once his testimony is properly credited. *Mangasaryan v. Holder*, 334 F. App'x 87, 88–89 (9th Cir. 2009). We remand to the BIA to consider the merits of his asylum and withholding of removal claims, with instructions to deem his testimony credible.

**PETITION FOR REVIEW GRANTED; REMANDED.**